| | |
|---|---|
| Teresa A. Blasberg, Esq.　　State Bar No. 105473<br>Blasberg & Associates　　　Tel. No. (213) 239-0364<br>526 N. Juanita Avenue　　　Fax. No. (323) 661-2940<br>Los Angeles, CA 90004<br>Attorney for Debtor and Plaintiff Ray K. Shahani | FOR COURT USE ONLY |

UNITED STATES BANKRUPTCY COURT
NORTHEN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br>RAY K. SHAHANI, Debtor.<br>　　　　　　　　　　　　　　　　　　　　　／<br>RAY K. SHAHANI, individually and as TRUSTEE OF THE 888 TRUST DATED AUGUST 10, 2006, debtor and debtor in possession,<br>　　　　　　　Plaintiff,<br>v.<br>UNITED COMMERCIAL BANK, a California corp., EAST WEST BANK, as Assignee from the FDIC as Receiver of UNITED COMMERCIAL BANK, a California corp., WESTBAY COMMERCIAL REAL ESTATE GROUP, INC. and DOES 1 through 50<br>　　　　　　　Defendants. | Case No. 09-33549<br><br>Assigned to the Honorable Dennis Montali<br><br>Chapter 11<br><br>Adv. Proc. No.: 10-03022 |

COMPLAINT FOR BREACH OF CONSTRUCTION LOAN AGREEMENT
WRONGFUL FORECLOSURE, & REFERRAL TO A REFEREE PURSUANT C.C.P. 638
FOR RESOLUTION
AND/OR FOR
DAMAGES AND FORECLOSURE OF MECHANICS' LIEN

PLAINTIFF RAY K. SHAHANI, individually, and as TRUSTEE of THE 888 TRUST DATED AUGUST 10, 2006, for causes of action against DEFENDANTS UNITED COMMERCIAL BANK (hereafter "Defendant UCB") and DOES 1 through 50, and each of them alleges:

PARTIES AND CAPACITIES

1. PLAINTIFF RAY K. SHAHANI ("Plaintiff SHAHANI") is an individual who resides in San Francisco, CA and conducts business in San Mateo, California.

2. On August 10, 2006 PLAINTIFF SHAHANI created THE 888 TRUST DATED AUGUST 10, 2006 (hereinafter "Plaintiff 888 TRUST") identifying himself as both Trustor and Trustee, for the purpose of acquiring and holding title to certain real property, together with improvements, including but not limited to Architectural Plans, and Permits for construction of a new building approved by involved San Francisco Bay Area Governments located in the County of San Mateo, CA, the Real Property

being commonly known and referred to 888 Airport Boulevard located in the City of Burlingame, County of San Mateo CA, more particularly described as:

> "PARCEL ONE:
> PARCEL A, AS SAID PARCEL IS SHOWN ON THAT CERTAIN PARCEL MAP, BEING A RESUBDIVISION OF LOT 1, BLOCK 2, "ANZA AIRPORT PARK UNIT NO.4" (RSM 68, P-ll), AS SAID PARCEL MAP WAS FILED MARCH 10, 1977, IN BOOK 36 OF PARCEL MAPS, AT PAGES 2 AND 3, SAN MATEO COUNTY RECORDS.
>
> PARCEL TWO:
> A 12 FOOT PRIVATE ACCESS AND STORM DRAINAGE EASEMENT, A 10 FOOT STORM DRAIN EASEMENT AND A 10 FOOT UTILITY EASEMENT OVER PARCEL B, AS SHOWN ON THAT CERTAIN PARCEL MAP, BEING A RESUBDIVISION OF LOT 1, BLOCK 1 "ANZA AIRPORT PARK UNIT NO.4", (RSM 68, P-11) AS SAID PARCEL MAP WAS FILED MARCH 30, 1977, IN BOOK 36 OF PARCEL MAPS AT PAGES 2 AND 3",

(hereinafter inclusively referred to as the "TRUST PROPERTY"),

for the benefit of PLAINTIFF SHAHANI during his life and upon his death for the benefit of certain trustees for the benefit of his nieces and nephews then living.

3. On or about September 20, 2006 KIRK C. SYME and KATHERINE F. SYME, husband and wife as community property for valuable consideration conveyed the TRUST PROPERTY to Plaintiff 888 TRUST.

4. Defendant UNITED COMMERCIAL BANK (hereinafter "UCB") is a California Banking Corporation having a principal place for conduct of business located at 555 Montgomery St 14th Fl M/S 401 San Francisco, CA.

5. The true name and capacities of Defendants DOES 1 through 50 are not known to Plaintiffs who therefore name same by such fictitious names. Plaintiffs will amend this complaint to identify the names and capacities of each such fictitiously named defendants as each becomes known. Plaintiffs are informed and believe, and on that basis allege that each of such fictitiously name defendants are each an agent, employee, and/or assign, and/or successor, and/or co-conspirator acting in interest of for the benefit or direction of Defendant UCB and have, in so acting in such capacities, legally caused injury to the Plaintiffs as hereinafter alleged.

6. Because of where it is located on the western shore of the San Francisco Bay, at the north end of the Burlingame Lagoon Bay Fill, the TRUST PROPERY enjoys a desired unique cross-water close view of aircraft landing at the San Francisco Airport (SFO) and a phenomenal northern background skyline view that includes San Bruno Mountain the City of San Francisco, the City of Oakland across the Bay.

## THE TRANSACTIONS

7. On or about March 16 - 23, 2007 Plaintiff 888 TRUST, by and through Plaintiff SHAHANI, individually and it's Trustee, entered into a CONSTRUCTION LOAN AGREEMENT Plaintiff 888 TRUST as a Borrower, Defendant UCB as the Lender and Plaintiff SHAHANI individually as a Guarantor that included a CONSTRUCTION PROMISSORY NOTE secured by a CONSTRUCTION DEED OF TRUST and a CONTINUING GUARANTY for requiring payment by or on behalf of the Plaintiff 888 TRUST of **$2,025,000.00** on a maturity date of **April 5, 2008,** allowing for one **Six (6) Month extension,** (to October 10, 2008). of A true copy of the CONSTRUCTION LOAN AGREEMENT including the CONSTRUCTION PROMISSORY NOTE, the CONSTRUCTION DEED OF TRUST and the CONTINUING GUARANTY, marked as **EXHIBIT A**, are appended to and incorporated into this complaint by reference.

8. On or about April 11, 2007 Plaintiff SHAHANI as Trustee of Plaintiff 888 TRUST entered into a STANDARD FORM CONSTRUCTION AGREEMENT [AIA Document A101 – 1977] with SCOTT GENERAL, INC. a California Corporation having a principal place for the conduct of business located at 3897 N Ann Avenue Fresno, CA 93727 for building a new building as specified by the Architectural Plans on the TRUST PROPERTY at 888 Airport Blvd. Burlingame, CA contemplating a start date of May 7, 2007 and a substantial completion date of Nov. 3, 2007.

9 Prior to April 5, 2008, Plaintiff SHAHANI timely requested, and Defendant UCB extended the Maturity Date on the CONSTRUCTION PROMISSORY NOTE 6 months from April 5 to October 5, 2008.

10. Prior to May 23, 2008, pursuant the CONSTRUCTION LOAN AGREEMENT, Plaintiff 888 TRUST was required to, and did deposit with Defendant UCB through May 30, 2008, a sum of $ **532,858.**[78]

Case: 10-03022    Doc# 5    Filed: 02/22/10    Entered: 02/22/10 15:12:29    Page 3 of 21

enabling Defendant UCB to pay proper CHANGE ORDERS made during the course of the construction of the new building on the TRUST PROPERTY

11. ON or about May 23, 2008, Scott General, Inc. submitted **Application for Payment No. 10** to Defendant UCB and Plaintiff SHAHANI, in his respective capacities, requesting payment of **$196,117.13** as required by the STANDARD FORM CONSTRUCTION AGREEMENT and the CONSTRUCTION LOAN AGREEMENT.

12. ON or about May 24, 2008, SCOTT GENERAL, INC. in breach of its obligations both under the STANDARD FORM CONSTRUCTION AGREEMENT and assigned obligations under the CONSTRUCTION LOAN AGREEMENT, unilaterally abandoned construction of the new building on the TRUST PROPERTY, removing and keeping possession the Original Building Permit Inspection Signature Record Card and the Original Signed site "as built" architectural construction plans from the TRUST PROPERTY THAT ARE REQUIRED BY LAW AND THE RESPECTIVE AGREEMENTS to be kept and maintained on the TRUST PROPERTY premises at 888 Airport Blvd. Burlingame, CA. The Original Building Permit Inspection Signature Record Card and the Original Signed site "as built" architectural construction plans were later returned to the possession of Plaintiff SHAHANI pursuant his demand.

13. ON or about May 29, 2008, CARDINAL CONSULTING, INC. as the inspection agent for Defendant UCB reviewed a copy of **Application for Payment No. 10** submitted by SCOTT GENERAL, INC., inspected the construction site on the Trust Property and issued a May 30, 2008 report submitted to SCOTT GENERAL, INC., Defendant UCB and Plaintiff SHAHANI approving a payment of **$118,633.28** to SCOTT GENERAL, INC. on account of the requested **$196,117.13.**

14. ON June 4, 2008, SCOTT GENERAL, INC. recorded a FIRST Notice of Mechanics' Lien in the Official Records of the County of San Mateo, Doc. No. 2008-0065204AR, against the TRUST PROPERTY for a sum relating to the May 23, 2008 **Application for Payment No. 10 it** submitted. SCOTT GENERAL, INC. did not post any bond or otherwise comply with statutory requirements for statutorily perfecting a mechanics' lien for its services/materials at the time it recorded the FIRST Mechanics' Lien Notice against the TRUST PROPERTY.

Case: 10-03022    Doc# 5    Filed: 02/22/10    Entered: 02/22/10 15:12:29    Page 4 of 21

15. ON or about June 23, 2008 SCOTT GENERAL, INC. presented by certified mail to Plaintiff SHAHANI and ELLIS A. SCHOICHET, AIA, the Project Architect, and by email to Defendant UCB, a DEMAND for payment for work performed, profit losses and related damages, in addition to those set forth in its May 23, 2008 **Application for Payment No. 10**, in light of a refusal by Defendant UCB to authorize any further payments to it for per the terms of the CONSTRUCTION LOAN AGREEMENT, until the difference between the **$118,633.28** offered and the **$196,117.13** demanded ($77, 483.85) were resolved.

16. ON June 25, 2008, SCOTT GENERAL, INC. recorded a SECOND Notice of Mechanics' Lien in the Official Records of the County of San Mateo, Doc. No. 20080073613AR. against the TRUST PROPERTY for an additional sum of $235,171.88 believed to be related to its June 23, 2008 DEMAND presented to Plaintiff SHAHANI, and ELLIS A. SCHOICHET, AIA, copied to Defendant UCB. As before, SCOTT GENERAL, INC. did not post any bond or otherwise comply with statutory requirements for perfecting a mechanics' lien for its claimed value of services/materials at the time it recorded the SECOND Mechanics' Lien Notice against the TRUST PROPERTY.

17. At the end of May 2008 when SCOTT GENERAL, INC. abandoned construction of the new building on the TRUST PROPERTY, it was only about 87% complete, not substantially completed as contemplated by parties at the inception of the STANDARD FORM CONSTRUCTION AGREEMENT.

18. On September 3, 2008, SCOTT GENERAL, INC. filed a complaint for Foreclosure of Mechanics' Lien in the Superior Court of California, County of San Mateo, Case No. Civ. 476215 against Plaintiff SHAHANI, as Trustee for Plaintiff 888 TRUST and Defendant UCB, and other unpaid contributors of services/materials supplied at Scott General's request for construction of the new building on the TRUST PROPERTY. A true copy of the Complaint filed in the Superior Court for San Mateo County, Case No. Civ. 476215, marked **EXHIBIT B** is appended to, and incorporated by reference into this complaint.

19. In the period, between May 24 and July 30, 2008, responsive to specific demands, requests and approval requirements made by or on behalf of Defendant UCB, Plaintiff SHAHANI, as Trustee of

Case: 10-03022    Doc# 5    Filed: 02/22/10    Entered: 02/22/10 15:12:29    Page 5 of 21

Plaintiff 888 TRUST, entered into a PRIME CONTRACT on July 18, 2008 with TOM KEFFER dba KEFFER CONSTRUCTION, California Contractor License Number 904064, for the purpose of completing the construction of new building on the TRUST PROPERTY and obtaining a Certificate of Occupancy for the new building from the City of Burlingame. Previously on March 17 and June 15, 2008. TOM KEFFER dba KEFFER CONSTRUCTION had previously worked on the new building of the TRUST PROPERTY making tenant improvements requested, and paid for by Plaintiff 888 TRUST as allowed under the CONSTRUCTION LOAN AGREEMENT.

20. At the time Plaintiff SHAHANI, as Trustee of Plaintiff 888 TRUST entered into the PRIME CONTRACT with KEFFER CONSTRUCTION, funds remaining available per the terms of the CONSTRUCTION LOAN AGREEMENT for completion of construction of the new building on the TRUST PROPERTY totaled approximately **$489,000.00**. CARDINAL CONSULTING, INC. estimated **$361,871.00** would be required to complete construction of the new building on the TRUST PROPERTY in its May 30, 2008 inspection report provided to Defendant UCB. Defendant UCB also accepted TOM KEFFER dba KEFFER CONSTRUCTION as a successor general contractor per the terms of the CONSTRUCTION LOAN AGREEMENT.

21. At all times from the abandonment of the new building construction project on the TRUST PROPERTY by SCOTT GENERAL, INC. to and through January 2009, Defendant UCB demanded that: (i) Plaintiff 888 TRUST complete construction of the new building; and obtain a Certificate of Occupancy from the City of Burlingame; (ii) resolve all claims raised by SCOTT GENERAL, INC.; but, at the same time (iii) refused to disburse any payments to SCOTT GENERAL, INC., in particular the **$118,633.00** on account of **Application for Payment No. 10** submitted prior to its abandonment of the construction project at the end of May 2008 as recommended by its inspection agent CARDINAL CONSULTING, INC. and ELLIS A. SCHOICHET, AIA, the Project Architect; and refused to pay Applications for Payment submitted by successor General Contractor TOM KEFFER dba KEFFER CONSTRUCTION per the terms of the CONSTRUCTION LOAN AGREEMENT

Case: 10-03022    Doc# 5    Filed: 02/22/10    Entered: 02/22/10 15:12:29    Page 6 of 21

22. ON October 6, 2008 Plaintiff 888 TRUST held and still holds approximately **$35,000.**$^{00}$ in a deposit money account maintained by Defendant UCB for payment of CHANGE ORDERS authorized by Plaintiff SHAHANI as Trustee of Plaintiff TRUST. Plaintiff SHAHANI has repeatedly since June 30, 2008 and still requests the $35,000.$^{00}$ be released for payment of, or be paid CHANGE ORDER work he authorized third parties to perform in finishing construction of the new building built on the TRUST PROPERTY as demanded by Defendant UCB.

23. ON January 23, 2009 a Notice and Acknowledgment of Receipt of Summons and Complaint was filed and a first appearance filing fee was paid to the Clerk of the Court by Defendant UCB in the Mechanics' Lien Foreclosure Action, Case No. before the Superior Court of San Mateo County.

24. ON January 30, 2009, Defendant UCB recorded and mailed Plaintiff SHAHANI as Trustee of Plaintiff 888 TRUST a Notice of Default and Election to Sell Under a Deed of Trust executed per the terms of the CONSTRUCTION LOAN AGREEMENT.

25. ON March 3, 2009 Defendant UCB signed a Stipulation to Stay Proceedings in Civil Action No. 476215 before the Superior Court of San Mateo pending completion of a binding arbitration between Scott General, Inc. and Plaintiff SHAHANI as Trustee of Plaintiff 888 TRUST.

26. ON April 8, 2009 the Superior Court for the County of San Mateo entered an ORDER pursuant the Stipulation staying further proceedings in Civil Action No. 476215, pending completion of the binding arbitration between SCOTT GENERAL, INC. and Plaintiff Shahani as trustee of the 888 TRUST.

27. ON or about May 5, 2009, pursuant the CONSTRUCTION DEED OF TRUST executed per the terms of the CONSTRUCTION LOAN AGREEMENT, Defendant UCB acting through its trustee, Fidelity National Title Company mailed a Notice of Trustee's Sale to Plaintiff SHAHANI as Trustee of Plaintiff 888 TRUST, initially scheduling a non-judicial foreclosure sale of the TRUST PROPERTY for June 2, 2009. Defendant UCB then postponed the June 2, 2009 date, and successively re-scheduled and then postponed subsequent sale dates.

28. ON August 12, 2009 Defendant UCB notified Plaintiff Shahani as Trustee of the 888 TRUST that the sale of the Trust Property ultimately set for August 20, 2009 would proceed unless the Loan was paid

Case: 10-03022     Doc# 5     Filed: 02/22/10     Entered: 02/22/10 15:12:29     Page 7 of 21

1  off.  Though requested, Defendant UCB  had not before, then and/or ever provide Plaintiff Shahani as

2  Trustee of the 888 TRUST, a written payoff demand sum certain in context of the trustee foreclosure

3  proceedings it initiated in January 30, 2009 until September 17, 2009.

4  29. ON August 19, 2009, the California Superior Court for San Mateo County in Case No. Civ. 476215

5  issued a Temporary Restraining Order and Order to Show Cause pursuant an Ex Parte Application

6  filed that date by Plaintiff SHAHANI as Trustee of the 888 TRUST requesting a Preliminary

7  Injunction enjoining Defendant UCB from selling the Trust Property in non-judicial Trustee

8  Foreclosure Proceedings during pendency of Case No. Civ. 476215. The Court set hearing for

9  September 10, 2009, and  enjoined and restrained Defendant UCB from selling the Trust Property in

10  non-judicial Trustee Foreclosure Proceedings prior to the September 10, 2009 hearing.

11  30. ON or about August 19, 2009, Plaintiff SHAHANI also requested, and CHICAGO TRUST COMPANY, at

12  388 Market Street 1300 San Francisco, CA, established ESCROW NO. 160290737 RE TITLE NO.

13  40701817 FOR THE TRUST PROPERTY (888 Airport Boulevard, Burlingame, CA) that included all

14  affected parties, in particular, Plaintiff 888 TRUST, Plaintiff SHAHANI, Defendant UCB, SCOTT

15  GENERAL, INC., and subcontractors who had provided services and/or materials that had perfected

16  Mechanics' Liens on the Trust Property for the purpose of effecting a negotiated global resolution of

17  the situation leaving title and possession of the TRUST PROPERTY and constructed improvements  with

18  Plaintiff 888 TRUST. A true copy of the Estimated Closing Statement prepared by Chicago Trust

19  Company marked as **EXHIBIT C** is appended to, and incorporated into this complaint by reference.

20  31. On August 28, 2009 Defendant UCB served Plaintiff  SHAHANI, individually, with a Summons and

21  Complaint in Case No. CGC-09-491592 it filed in the Superior Court of California , City & County of

22  San Francisco on the same day asserting claims based upon the CONSTRUCTION PROMISSORY

23  NOTE executed by Plaintiff   SHAHANI as an individual guarantying payment of the

24  CONSTRUCTION PROMISSORY NOTE.

25  32. On September 1, 2009 Defendant UCB filed a First Amended Complaint in San Francisco Superior

26  Court Case No. CGC-09-491952.

Case: 10-03022   Doc# 5   Filed: 02/22/10   Entered: 02/22/10 15:12:29   Page 8 of 21

33. ON September 10, 2009 the San Mateo County Superior Court in Civ. Action 476215 DENIED the Application of Plaintiff SHAHANI as Trustee of the 888 TRUST for a Preliminary Restraining Order enjoining and restraining Defendant UCB from selling the Trust Property in non-judicial Trustee Foreclosure Proceedings.

34. On September 16, 2009 Plaintiff SHAHANI as Trustee of the 888 Trust received a CERTIFICATE OF OCCUPANCY from the City of Burlingame, CA, a true copy of which is marked **EXHIBIT D,** appended to, and incorporated into this complaint by reference after posting a **$32,000.00 CASH BOND** with the City of Burlingame, CA to assure completion of required and approved Landscaping on the TRUST PROPERTY before December 31, 2009 detailed in the Approved Architectural Plans for the TRUST PROPERTY.

35. On September 17, 2009 the Defendant UCB submitted a Payoff Demand to Escrow No. 160290737 re Title No. 40701817 for the Trust Property (888 Airport Boulevard, Burlingame, CA) of $1,200,000.00 valid through September 30, 2009, 5:00 PM, with a caveat that the demand would "… revert to [$1,754,199.70 with per diem interest $399.81] in the event that payment is not received by UCB by 5:00PM on 9/30/09."A true copy of the Payoff Demand made by Defendant UCB marked as **EXHIBIT E** is appended to, and incorporated into this complaint by reference.

36. Also on or about September 17, 2009, Defendant UCB acting through its foreclosure Trustee, Fidelity National Title Company, scheduled a Trustee Foreclosure Sale of the Trust Property for 12:30 PM for October 1, 2009, the next day.

37. Escrow No. 160290737 re Title No. 40701817 for the TRUST PROPERTY (888 Airport Boulevard, Burlingame, CA) at Chicago Trust Company did not close on September 30, 2009 before 5:00PM because the independent, third party Private Funding Source would not marshal nor deposit sufficient funds into the escrow account before the 5:00PM deadline September 30, 2009, a circumstance first learned by Plaintiff Shahani of on Friday, 25 Sep 2009, 16:59:00 - 0500 (CDT).

38. On October 1, 2009 at around 12:30 PM Defendant UCB purchased the TRUST PROPERTY and improvements at the Trustee Foreclosure Sale conducted by it's Trustee, FIDELITY NATIONAL TITLE

Case: 10-03022    Doc# 5    Filed: 02/22/10    Entered: 02/22/10 15:12:29    Page 9 of 21

COMPANY taking title as the foreclosing beneficiary, claiming an unpaid debt of $1,762,500.64 as the unpaid debt, but only paying $1,556,017.98 for the Trust Property and improvements. A true copy of the Trustee's Deed Upon Sale marked as **EXHIBIT F** is appended to, and incorporated into this complaint by reference.

THE BREACHES

FIRST CAUSE OF ACTION: Breach of Contract - Failure to Pay Approved Contractor Applications for Payment

39. Plaintiff SHAHANI, individually, and as Trustee of Plaintiff 888 TRUST repeats and re-alleges Paragraphs 1-35 of the complaint as though fully set forth at length at this point herein.

40. Beginning June 2008 Defendant UCB breached the CONSTRUCTION LOAN AGREEMENT to make the payment recommend by both its inspection agent, CARDINAL CONSULTING, INC. and ELLIS A. SCHOICHET, AIA, the Project Architect responsible for the administration of STANDARD FORM CONSTRUCTION AGREEMENT between Plaintiffs with SCOTT GENERAL, INC. on account of **Application for Payment No. 10** submitted by SCOTT GENERAL, INC, and subsequently through September 30, 2009, all Applications for Payment submitted by successor General Contractor TOM KEFFER dba KEFFER CONSTRUCTION per the terms of the CONSTRUCTION LOAN AGREEMENT.

41. Plaintiff SHAHANI, individually, and as Trust of Plaintiff 888 TRUST had in June 2008 performed all obligations owed to Defendant UCB except those obligations Plaintiff was prevented and or excused from performing.

42. Plaintiff SHAHANI, individually, and as Trustee of Plaintiff 888 TRUST sustained damages legally caused by the breach of the CONSTRUCTION LOAN AGREEMENT in at least the sum **of $118,633.28,** or such greater or lesser sum conforming to proof presented at trial.

SECOND CAUSE OF ACTION: Breach of Contract - Breach of the Implied Covenant of Good Faith and Fair Dealing

Case: 10-03022    Doc# 5    Filed: 02/22/10    Entered: 02/22/10 15:12:29    Page 10 of 21

43. Plaintiff SHAHANI, individually, and as Trustee of Plaintiff 888 TRUST repeats and re-alleges Paragraphs 1-35 of the complaint as though fully set forth at length at this point herein.

44. In or during June and July, 2008 Defendant UCB breached the implied covenant of good faith and fair dealing of the CONSTRUCTION LOAN AGREEMENT by:

    a.   Demanding Plaintiff SHAHANI, individually, and as Trust of Plaintiff 888 TRUST find and retain a successor General Contractor and then, deliberately failing, per the terms of the CONSTRUCTION LOAN AGREEMENT, to pay on account of Applications for Payment submitted by the successor General Contractor TOM KEFFER dba KEFFER CONSTRUCTION, with whom Plaintiff SHAHANI, individually, and as Trustee of Plaintiff 888 TRUST had made a PRIME CONTRACT for the purpose of completing the construction of new building on the TRUST PROPERTY and obtaining a Certificate of Occupancy from the City of Burlingame;

    b.  Failing to disburse payments per the terms of the CONSTRUCTION LOAN AGREEMENT pursuant Applications for Payment submitted by or on behalf of suppliers of services/ materials to the TRUST PROPERTY at the request of Plaintiff SHAHANI, individually, and as Trustee of Plaintiff 888 TRUST pursuant CHANGE ORDERS and otherwise for the purpose of completing the construction of new building on the TRUST PROPERTY and obtaining a Certificate of Occupancy from the City of Burlingame;

    c.  UPON receiving notice of the Action for Foreclosure of Mechanics' Lien in the Superior Court of California, County of San Mateo, Case No. Civ. 476215 filed September 3, 2008, demanding and unequivocally requiring Plaintiff SHAHANI, individually, and as Trustee of Plaintiff 888 TRUST to resolve all the issues and claims made by SCOTT GENERAL, INC. while knowing a primary claim in that action related to its failure to disburse at least **$118,633.28** on account of **Application for Payment No. 10** submitted by SCOTT GENERAL, INC., Defendant UCB approved by inspecting agent CARDINAL CONSULTING, INC. and Project Architect, ELLIS A. SCHOICHET, AIA;

Case: 10-03022    Doc# 5    Filed: 02/22/10    Entered: 02/22/10 15:12:29    Page 11 of 21

d. AFTER, being invited to attend and participate, failing to meaningfully contribute or otherwise participate in MEDIATION PROCEEDINGS scheduled for December 22, 2008 later held in early January 2009, between Plaintiff SHAHANI, in his respective capacities, and SCOTT GENERAL, INC. pursuant the mediation and arbitration provisions of STANDARD FORM CONSTRUCTION AGREEMENT [See Article 4.6 et seq. of the General Conditions, AIA Doc. A201-1997];

e. After:

    (i) Signing a Notice and Acknowledgement of Receipt of Summons and Complaint, on January 15,2009 filed January 23, 2009, in the Action for Foreclosure of Mechanics' Lien before the Superior Court of California, County of San Mateo, Case No. Civ. 476215;

    (ii) Initiating Non-judicial Trust Deed Foreclosure proceedings on the TRUST PROPERTY on January 30, 2009, recording and mailing Plaintiff SHAHANI as Trustee of Plaintiff 888 TRUST a Notice of Default and Election to Sell Under the CONSTRUCTION DEED OF TRUST executed per the terms of the CONSTRUCTION LOAN AGREEMENT; and

    (iii) Signing a stipulation on March 3, 2009 agreeing to stay further proceedings involved in the Foreclosure of Mechanics' Lien action to allow SCOTT GENERAL, INC. and Plaintiff SHAHANI, in his respective capacities, to finally resolve their differences that it had demanded be done before it would disburse any payments on account of an Applications for Payment, in particular the **Application for Payment No. 10** submitted by SCOTT GENERAL, INC. on May 23, 2008;

Defendant UCB did not stay or postpone the Trust Deed Foreclosure Proceedings to ALLOW Plaintiff SHAHANI, in his respective capacities and SCOTT GENERAL, INC. to finally resolve their difference in a binding arbitration and/or settlement, **BUT RATHER** purchased the TRUST PROPERTY and improvements on October 1, 2009, at the Trustee

Case: 10-03022    Doc# 5    Filed: 02/22/10    Entered: 02/22/10 15:12:29    Page 12 of 21

Foreclosure Sale conducted by it's Trustee, FIDELITY NATIONAL TITLE COMPANY taking title as the foreclosing beneficiary, claiming an unpaid debt of $1,762,500.64 as the unpaid debt, but only paying $1,556,017.98 for the Trust Property and improvements.

45. Plaintiff SHAHANI, individually, and as Trust of Plaintiff 888 TRUST has performed all obligations owed to Defendant UCB arising before and after May, 30 2008 and through September 30, 2009 except those obligations Plaintiff was prevented and or excused from performing.

46. Plaintiff SHAHANI, individually, and as Trustee of Plaintiff 888 TRUST sustained damages legally caused by the above listed breaches of the CONSTRUCTION LOAN AGREEMENT in at least the sum of $5,000,000.$^{00}$, or such greater or lesser sum conforming to proof presented at trial.

THIRD CAUSE OF ACTION: Breach of Contract - Breach of the Implied Covenant of Good Faith and Fair Dealing and Promissory Estoppel.

47. Plaintiff SHAHANI, individually, and as Trustee of Plaintiff 888 TRUST repeats and re-alleges Paragraphs 1-35, 37-39, & 41-43 of the complaint as though fully set forth at length at this point herein.

48. In the period beginning June 1, 2008 and ending September 30, 2009 DEFENDANT UCB repeatedly requested, urged, and demanded Plaintiff SHAHANI, in his respective capacities, to complete the construction of the new building on the TRUST PROPERTY and obtain a CERTIFICATE OF OCCUPANCY from the City of Burlingame, assuring him by both verbally and by conduct that the remaining funds provided for in the CONSTRUCTION LOAN AGREEMENT ON May 31, 2008 would be available for payment on account of the costs necessarily incurred by Plaintiff SHAHANI TO for completion of the building project, including but not limited to those incurred in resolving disputed mechanics' lien claims included in the September 3, 2008 Superior Court action of SCOTT GENERAL, INC for Foreclosure of Mechanics' Liens filed in San Mateo County, and as well, those claims of KEFFER CONSTRUCTION and sub contractors aproviding services and/or materials required in finishing the construction project to sufficient degree for receiving a CERTIFICATE OF OCCUPANCY from the City of Burlingame.

Case: 10-03022    Doc# 5    Filed: 02/22/10    Entered: 02/22/10 15:12:29    Page 13 of 21

49. Plaintiff SHAHANI, in his respective capacities reasonably relied upon the representations inherent in the conduct and actions of DEFENDANT UCB and incurred substantial expenses and obligations, in a sum exceeding the **$361,871.**[00] estimated by CARDINAL CONSTRUCTION, INC. being necessary for completion of the construction project.

50. In bad faith and not dealing fairly, Defendant UCB breached its obligations implied by law in the performance and the enforcement of CONSTRUCTION LOAN AGREEMENT and inherent in its conduct encouraging Plaintiff SHAHANI to complete construction of the new building Project on the TRUST PROPERTY after SCOTT GENERAL, INC. abandoned the project at the end of May 2008, BY:

(i) PURCHASING THE TRUST PROPERTY and improvements on October 1, 2009, at the Trustee Foreclosure Sale conducted by it's Trustee, FIDELITY NATIONAL TITLE COMPANY taking title as the foreclosing beneficiary, claiming an unpaid debt of $1,762,500.64 as the unpaid debt, but only paying $1,556,017.98 for the Trust Property and improvements;

(ii) claiming that the title it obtained to the TRUST PROPERTY as a purchasing foreclosing beneficiary extinguishes all claims of others to the property arising after April 3, 2007, the date the CONSTRUCTION DEED OF TRUST securing the CONSTRUCTION PROMISSORY NOTE executed by Plaintiff 888 TRUST on March 16, 2007 was recorded, INCLUDING BUT NOT LIMITED TO any claims for money expended by Plaintiff SHAHANI for materials and services necessary for obtaining the CERTIFICATE OF OCCUPANCY from the City of Burlingame for the new building; any claims for services and materials third parties provided at the behest of Plaintiff SHAHANI and/or Successor General Contractor TOM KEFFER dba KEFFER CONSTRUCTION, for obtaining the CERTIFICATE OF OCCUPANCY from the City of Burlingame; and any claims for services and materials provided by or per the direction of SCOTT GENERAL, INC. before May through June 2008 pursuant the STANDARD FORM CONSTRUCTION AGREEMENT;

(iii) Soliciting offers from third party Commercial Real Estate entities for purchase of the TRUST PROPERTY;

Case: 10-03022    Doc# 5    Filed: 02/22/10    Entered: 02/22/10 15:12:29    Page 14 of 21

(iv) Claiming chattel property including tools and equipment of both Plaintiff SHAHANI and TOM KEFFER dba KEFFER CONSTRUCTION stored in the premises of the newly constructed building on the TRUST PROPERTY contemplated for use in effecting further improvements to the TRUST PROPERTY.

51. Plaintiff SHAHANI, individually, and as Trust of Plaintiff 888 TRUST has performed all obligations owed to Defendant UCB, its assigns, and/or any successors of interest to it's title to the TRUST PROPERTY except those obligations Plaintiff SHAHANI was prevented and or excused from performing.

52. Plaintiff SHAHANI, individually, and as Trustee of Plaintiff 888 TRUST sustained damages legally caused by the above listed breaches of in at least the sum **of $5,000,000.$^{00}$,** or such greater or lesser sum conforming to proof presented at trial

FOURTH CAUSE OF ACTION: Wrongful Foreclosure

53. Plaintiff SHAHANI, individually, and as Trustee of Plaintiff 888 TRUST repeats and re-alleges Paragraphs 1-35, 37-39, 41- 43, & 45- 49 of the complaint as though fully set forth at length at this point herein.

54. By reason of the listed breaches of the CONSTRUCTION LOAN AGREEMENT Defendant UCB, PLAINTIFF SHAHANI individually, and as Trustee of Plaintiff 888 TRUST is and was excused from any all duties of performance to pay money to Defendant UCB per the terms of the related CONSTRUCTION PROMISSORY NOTE executed on or about March 16, 2007 secured by the CONSTRUCTION DEED OF TRUST or the CONTINUING GUARANTY executed by PLAINTIFF SHAHANI in his respective capacities on or about March 16- 23, 2007.

55. Accordingly the NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST recorded January 30, 2009 mailed to Plaintiff SHAHANI, in his respective capacities, is and was improper, their being no default because any duty of Plaintiff SHAHANI, in his respective capacities to pay money per the terms of and satisfying the underlying CONSTRUCTION PROMISSORY NOTE is and was excused as a matter of law.

Case: 10-03022    Doc# 5    Filed: 02/22/10    Entered: 02/22/10 15:12:29    Page 15 of 21

56. Further neither Defendant UCB nor Trustee FIDELITY NATIONAL TITLE COMPANY provided PLAINTIFF SHAHANI, in his respective capacities of the actual sum certain necessary to satisfy/payoff the past due payments, interest and/or statutorily permitted costs until September 17, 2009, and then only in context of a Payoff Demand for $1,200,000.$^{00}$ in lieu of $1,754,199.$^{70}$ plus $399.81 interest per diem if the former sum was not received before 5:00 PM September 30, 2009.

57. By proceeding with the statutory non-judicial Trust Deed Foreclosure and purchasing the TRUST PROPERTY at the Trustee Foreclosure Sale on October 1, 2009, while at the same time pursuing independent legal remedies (money damages) for non-payment of the CONSTRUCTION PROMISSORY NOTE in San Francisco Superior Court, Case No. CGC-09-491952 Defendant UCB **is inequitably, wrongfully and in bad faith seeking to**:

    (i) inequitably defeat Mechanics' Liens and Claims proximately rising from its failures to pay approved **Applications for Payment** per the terms of the CONSTRUCTION LOAN AGREEMENT under the related STANDARD FORM CONSTRUCTION AGREEMENT;

    (ii) inequitably defeat CLAIMS of Plaintiff SHAHANI for reimbursement of expenses and costs incurred for completing construction of the new building on the TRUST PROPERTY after SCOTT GENERAL, INC. abandoned performance of the STANDARD FORM CONSTRUCTION AGREEMENT to construct the new building on the TRUST PROPERTY at the end of MAY 2008;

    (iii) inequitably defeat Mechanics' Liens and Claims rising from services and materials provided to the new building by third parties at the direction of Plaintiff SHAHANI, and/or TOM KEFFER dba KEFFER CONSTRUCTION, as the successor general contractor engaged to complete construction of the new building; and

    (iv) inequitably defeat Mechanics' Liens and Claims of TOM KEFFER dba KEFFER CONSTRUCTION, as the Successor General Contractor for his services benefiting the TRUST PROPERTY. [See C.C.P. § 580d]

Case: 10-03022    Doc# 5    Filed: 02/22/10    Entered: 02/22/10 15:12:29    Page 16 of 21

58. In short, as alleged supra, Defendant UCB, by purchasing foreclosing beneficiary under the CONSTRUCTION DEED OF TRUST, if allowed to take title to the Trust Property fee of the the claims of those who provided need services and materials for construction of the new improvement would be wrongfully inequitably and unjustly enriched, benefiting from:

(i) work, labor and materials provided to the new building, by or at the direction of Plaintiff SHAHANI and the Successor General Contractor TOM KEFFER dba KEFFER CONSTRUCTION from and after May 30, 2008;

(ii) work labor and services provided by SCOTT GENERAL, INC. before May 30, 2008 evidenced by its **Application for Payment No. 10** as approved by inspection agent CARDINAL CONSULTING, INC. and ELLIS A. SCHOICHET, AIA, the Project Architect.

59. Further prior to initiating non-judicial Foreclosure proceedings on January 30, 2009, and purchasing the TRUST PROPERTY at the Oct. 1, 2009 Trustee Foreclosure Sale, Defendant UCB WRONGFULLY, and IN BAD FAITH FAILED TO COMPLY with **Judicial Reference Clause X** of the CONSTRUCTION PROMISSORY NOTE, **Judicial Reference Clause 29** of the CONSTRUCTION DEED OF TRUST and **Judicial Reference Clause 5.11** of the CONTINUING GUARANTY, each REQUIRING that any controversy, <u>breach</u> or dispute arising out of the Note , the Deed of Trust, the Guaranty and all other loan documents executed by the Borrower (Plaintiff 888 TRUST) to be heard by a single referee by consensual general reference to **Section 638 of the California Code of Civil Procedure**.

60. By reason of the foregoing the Foreclosure Proceedings were wrongfully conducted and must be:

a.  deemed void AB INITIO;

b.  set aside to do equity; and

c.  referred to a single referee for resolution of the entire controversy as provided by the respective Judicial Reference Clauses the parties agreed to on March 16 -23, 2007 executing and attempting to perform the CONSTRUCTION LOAN AGREEMENT,

Case: 10-03022    Doc# 5    Filed: 02/22/10    Entered: 02/22/10 15:12:29    Page 17 of 21

1  because the TRUST PROPERTY is unique, precious asset, and to be wrongfully deprivation of possession

2  and title thereto comprises a great and irreparable injury to Plaintiff SHAHANI, individually, and to

3  the Plaintiff 888 TRUST.

4  61. In the alternative, by reason of the improper Non-Judicial Trust Deed Foreclosure Proceeding, Plaintiff

5  SHAHANI, individually and Plaintiff 888 TRUST have sustained damages in a sum of at least

6  **$5,000,000.$^{00}$** or in such greater or less sum conforming to poof presented at trial, found sufficient to

7  compensate Plaintiff SHAHANI, individually, and Plaintiff 888 TRUST for the detriment proximately

8  caused each thereby, or which in the ordinary course of things would be likely to result therefrom.

9  FIFTH CAUSE OF ACTION – Foreclosure of Mechanics' Lien:

10  62. Plaintiff SHAHANI, individually, and as Trustee of Plaintiff 888 TRUST repeats and re-alleges

11  Paragraphs 1-35, 37-39, 41-43 & 54-61of the complaint as though fully set forth at length at this point

12  herein.

13  63. On October 28, 2009, Plaintiff SHAHANI as Trustee of Plaintiff 888 TRUST recorded a Verified

14  Claim of Lien on October 28, 2009, in the Office of the San Mateo County Recorder of County upon

15  receiving delivery of a copy of a **TRUST DEED UPON SALE** executed October 1, 2009 purportedly

16  recorded October 2, 2009, Recorder's Serial No. 09-131548 San Mateo County Recorder conveying

17  the TRUST PROPERTY to the foreclosing beneficiary, Defendant UCB. When Plaintiff SHAHANI

18  recorded the Claim of Lien, the amount stated Lien Claim remained owing, and unpaid and no notice

19  of completion or cessation of work on the TRUST PROPERTY has been previously recorded. A copy of

20  the Claim of Lien, marked **EXHIBIT G,** is appended to, and incorporated by reference into this

21  Complaint.

22  WHEREFORE Plaintiff SHAHANI, individually and as Trustee on behalf of Plaintiff 888 TRUST

23  prays JUDGMENT AS FOLLOWS:

24  a. A JUDGMENT stating that the **TRUST DEED UPON SALE** recorded October 2, 2009,

25  Recorder's Serial No. 09-131548 San Mateo County Recorder received by Defendant UNITED

26  COMMERCIAL BANK from FIDELITY NATIONAL TITLE COMPANY as the Trustee under the

Case: 10-03022    Doc# 5    Filed: 02/22/10    Entered: 02/22/10 15:12:29    Page 18 of 21

1  CONSTRUCTION DEED OF TRUST evidencing title to the TRUST PROPERTY **IS VOID AB**

2  **INITIO**;

3  b. AN ORDER COMPELLING Defendant UNITED COMMERCIAL BANK, and Plaintiff SHAHANI,

4  individually and as Trustee of the Plaintiff 888 TRUST, and the respective general contractors

5  SCOTT GENERAL, INC. and TOM KEFFER dba KEFFER CONSTRUCTION as 3rd party beneficiaries

6  of the CONSTRUCTION LOAN AGREEMENT, and each of them, be ordered to agree on a SINGLE

7  REFEREE pursuant the **Judicial Reference Clause X** of the CONSTRUCTION

8  PROMISSORY NOTE, the **Judicial Reference Clause 29** of the CONSTRUCTION DEED

9  OF TRUST and the **Judicial Reference Clause 5.11** of the CONTINUING GUARANTY to

10  pursue resolution of the controversy arising from the construction of the new Building on the

11  TRUST PROPERTY; OR ALTERNATIVELY,

12  c. AN AWARD OF DAMAGES to Plaintiff SHAHANI, individually, and the Plaintiff 888

13  TRUST for Breach of contract, against Defendants UNITED COMMERCIAL BANK AND DOES 1

14  through 50, jointly and/or severally, in the SUM OF $5,000,000.00, or such greater or lesser

15  sum that conforms to proof presented at trial that will compensate Plaintiff SHAHANI,

16  individually, and the Plaintiff 888 TRUST for the detriment proximately caused to each

17  thereby, or which in the ordinary course of things would be likely to result from breaches of the

18  CONSTRUCTION LOAN AGREEMENT, and the wrongful, non-judicial foreclosure and sale of the

19  TRUST PROPERTY pursuant the CONSTRUCTION DEED OF TRUST; and, in addition,

20  d. AN AWARD to Plaintiff 888 TRUST against Defendants UNITED COMMERCIAL BANK AND

21  DOES 1 through 50 of **$604,934.**80 plus interest at the legal rate, and costs incurred to record

22  the Mechanic's Lien on October 28, 2009 of Plaintiff 888 TRUST;

23  e. A DETERMINATION that any and all rights, claims, title and possessory interests of the

24  Defendants, and each of them, in and to the TRUST PROPERTY are subject to the Mechanics'

25  Lien recorded October 28, 2009 by Plaintiff SHAHANI as Trustee of Plaintiff TRUST;

Case: 10-03022    Doc# 5    Filed: 02/22/10    Entered: 02/22/10 15:12:29    Page 19 of 21

f. AN ORDER foreclosing the Mechanics' Lien of Plaintiff TRUST recorded October 28, 2009 by Plaintiff SHAHANI as Trustee of Plaintiff 888 TRUST, and providing for sale of the TRUST PROPERTY by a Commissioner appointed by the court, with the proceeds of such sale be applied, together with interest, to satisfy the Mechanics' Lien claim as per subparagraph **d**, supra; and

g. FOR A DEFICIENCY JUDGMENT for Plaintiff 888 TRUST, jointly and severally, against the Defendants and each of them, should the proceeds of the foreclosure sale not satisfy the Mechanics' Lien claim of Plaintiff TRUST recorded October 28, 2009.

h. FOR costs of suit including reasonable attorney's fees pursuant C.C. § 1717; and

i. FOR such other and further relief as the Court deems just, proper, and equitable under the circumstances found at trial.

Date: February 22, 2010                    /s/ Teresa A. Blasberg
                                           _____
                                           Teresa A. Blasberg, ESQ.
                                           Attorney for Plaintiff

**VERIFICATION**

1

2    I the Ray K. Shahani, declare:

3    I am a party to this action and I have each read the statement made in this complaint Each of the

4    statements and facts related in the Complaint are true of my own knowledge except those matters related

5    upon information and belief and as to those matters I believe it to be true.

6    I declare the forgoing is true and correct under penalty of perjury.

7    Executed October 29, 2009in San Mateo, California.

8                                                    _____
                                                     Ray K. Shahani, Plaintiff

Case: 10-03022    Doc# 5    Filed: 02/22/10    Entered: 02/22/10 15:12:29    Page 21 of 21